UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DERROLD V. MADISON, *now known as*
DIALLO RAFIK A. MADISON, *pro se*,

               Petitioner,

-against-

WILLIAM F. HULIHAN, Superintendent,

               Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
09-CV-337 (DLI)

DORA L. IRIZARRY, United States District Judge:

*Pro se* petitioner Derrold V. Madison, *now known as* Diallo Rafik A. Madison, filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1994 conviction in the Supreme Court of New York, Kings County. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has initially considered this petition. For the reasons set forth below, the court has determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, petitioner is directed to submit an affirmation, within sixty (60) days from the date of this Order, explaining why the petition should not be dismissed as time-barred.

**DISCUSSION**

The AEDPA, signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created

> by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> . (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act"); *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) (A prisoner whose conviction became final prior to the effective date of the AEDPA is afforded one year after the effective date of the Act in which to file a first habeas petition under § 2254.).

## BACKGROUND

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be time-barred under the Act. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final. Petitioner alleges he was convicted on October 7, 1994. (Pet. at 1, ¶ 2.) The Appellate Division, Second Department, affirmed the conviction on August 12, 1996. (Pet. at 2, ¶ 9 (d)); *People v. Madison*, 230 A.D.2d 807 (2d Dep't. 1996). On December 10, 1996, the New York State Court of Appeals denied petitioner leave to appeal. *See People v. Madison*, 89 N.Y.2d 925 (1996). A judgment of conviction becomes final ninety days from the date the New York State Court of Appeals denies leave to appeal. *See Williams*

*v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, petitioner's conviction became final on or about March 10, 1997. As the instant petition was filed with this court on January 20, 2009, almost twelve years after the limitations period expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

## TOLLING

### Statutory Tolling

Petitioner alleges that he filed a motion pursuant to N.Y. Criminal Procedure Law section 440.10, on June 19, 2007, which was denied on April 30, 2008. (Pet. at 3, ¶ 11 (a)(3), (a)(8).) Furthermore, petitioner filed a motion to reargue the April 30, 2008 decision which was denied on September 18, 2008. *See People v. Madison*, Ind. No. 4000/94, slip op. (Sup. Ct. Kings County, Sept. 18, 2008), annexed to petitioner's Appendix as an Exhibit.

In calculating the one-year statute of limitations period, "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Filing a post-conviction motion, however, does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Here, petitioner is not entitled to statutory tolling because his post-conviction motion filed on June 19, 2007, does not operate to toll the running of the limitations period, as it was filed after the statute of limitations expired. Collateral attack on a state-court conviction cannot toll an already expired limitations period; nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew. *See Smith*, 208 F.3d at 17 ("We therefore hold that proper

3

calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."); *McKinley v. Woods*, No. 07 CV 2467, 2007 WL 2816196, at *2 (E.D.N.Y. Sept. 26, 2007).

### **Equitable Tolling**

The limitations period may be equitably tolled if petitioner can demonstrate: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of filing a timely petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate only where a "rare and exceptional circumstance" prevented the petitioner from filing his application on time. *Smith*, 208 F.3d at 17.

*Pro se* filings, although held to more lenient standards, are not excused from establishing these elements. *See, e.g.*, *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000) (applying general equitable tolling principles against a *pro se* litigant); *see also Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (holding that *pro se* status, does not in itself constitute an extraordinary circumstance).

Here, petitioner argues that he should be entitled to equitable tolling because he suffers from a mental illness. Specifically, petitioner argues that the limitations period should be tolled from December 10, 1996 until December 28, 2008, the date upon which by petitioner's calculation his conviction became final. (Pet. at 18, ¶ 86.) Petitioner asserts that he suffered from a mood disorder from early 1997 until September 20, 2001. (*Id*. at ¶ 88.) Petitioner alleges that, on September 20, 2001, his diagnosis was changed to post traumatic stress disorder. (*Id*. at 19, ¶ 92.)

A petitioner's mental illness may be sufficient for equitable tolling of the statute of limitations, but only if it rendered the petitioner unable to pursue his legal rights during the relevant

4

time period. *See Victorial v. Burge*, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (Petitioner must demonstrate some form of incapacitation due to mental illness that affected his ability to act with due diligence during the time period he seeks to toll.). The mere existence of a mental illness is insufficient to toll the statute of limitations. *See Cox v. Edwards*, No. 02 Civ. 7067, 2003 WL 22221059, at *3 (S.D.N.Y. Sept. 26, 2003); *Jean-Louis v. Greiner*, No. 02 Civ. 6326, 2003 WL 1807144, at *3 (S.D.N.Y. Apr. 4, 2003). "For a mental impairment to justify equitable tolling . . . the party invoking the doctrine must show that 'he was so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps.'" *United States v. Williams*, No. 05 Civ. 8165, 98 CR. 608, 2006 WL 2034642, at *3 (S.D.N.Y. July 19, 2006) (quoting *Simpson v. Greene*, N0. 03 Civ. 6323, 2003 WL 22999489, at *2 (S.D.N.Y. Dec. 22, 2003)). Here, petitioner offers no evidence to substantiate the nature of his alleged mental illness, but more importantly, petitioner fails to explain why his alleged mental illness precluded him from filing a timely petition. Therefore, equitable tolling is unwarranted.

## **CONCLUSION**

For the reasons set forth above, petitioner is directed to show cause by written affirmation, within sixty (60) days from the date of this Order, that is, on or before May 18, 2009, why the instant petition should not be dismissed as time-barred. *Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006) (citing *Acosta v. Artuz*, 221 F.3d 117, 124-125 (2d Cir. 2000) (Before acting on its own initiative to dismiss a petition as untimely, the court must accord the parties fair notice and an opportunity to present their positions.). An affirmation form is attached to this Order for petitioner's convenience.

Petitioner's affirmation should include any facts which would support equitable tolling of the statute of limitations. In addition, petitioner is informed that it is not sufficient to allege simply that he suffers from a mental illness. He must connect his mental illness to the time period he wishes

to toll. In other words, he must demonstrate a causal relationship between his mental illness and the lateness of his filing.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days, that is until on or before May 18, 2009, for petitioner to comply with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
      March 17, 2009

                                    _____/s/_____
                                      DORA L. IRIZARRY
                                    United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DERROLD V. MADISON, *now known as*
DIALLO RAFIK A. MADISON, *pro se,*

                    Petitioner,

              -against-

WILLIAM F. HULIHAN, Superintendent,

                    Respondent.
-----------------------------------------------------------x

**PETITIONER'S AFFIRMATION**
09-CV-337 (DLI)

STATE OF _____ }
COUNTY OF _____ } SS:

       Derrold V. Madison, *now known as* Diallo Rafik A. Madison, *pro se,* makes the following affirmation under the penalties of perjury:

       I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____                     _____
                                          Signature

                                          _____
                                          Address

                                          _____

                                          _____
                                          City, State & ZIP

                                          _____
                                          Inmate #